Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4918 | **DATE** | 9/27/2004 |
| **CASE TITLE** | Cannon Rubber Limited and Avent America, Inc. vs. The First Years, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Cannon's motion for partial summary judgment of infringement is denied. Cannon's motion for partial summary judgment that the patent is not invalid for failure to disclose the best mode is denied as moot. Cannon's motion for partial summary judgment that the patent is not invalid for indefiniteness or lack of written description is also denied as moot. TFY's motion for summary judgment is granted as to noninfringment and denied as moot as to invalidity. TFY's motion for leave to amend its answer is denied as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 2004 SEP 27 PM 3:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CANNON RUBBER LIMITED and )
AVENT AMERICA, INC., )
)
    Plaintiffs, )
) No. 03 C 4918
v. )
)
THE FIRST YEARS INC., )
)
    Defendant. )
)

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs Cannon Rubber Limited and Avent America, Inc. ("Cannon") accuse Defendant The First Years, Inc. ("TFY") of infringing Claims 3 and 5 of United States Patent No. 5,749,850 ("the '850 patent"). On September 17, 2004, the Court issued an order construing certain disputed claim limitations of Claims 1, 3 and 5. *Cannon Rubber Ltd. v. The First Years, Inc.*, No. 03 C 4918, 2004 WL 2095669 (N.D. Ill. Sept. 17, 2004) (R. 126-1, "*Markman* Order"). Four summary judgment motions and a motion to amend are now before the Court.

Cannon filed three motions: (1) a motion for partial summary judgment of infringement of Claims 3 and 5; (2) a motion for partial summary judgment that the '850 patent is not invalid for failure to disclose the best mode under 35 U.S.C. § 112, ¶ 1; and (3) a motion for partial summary judgment that the '850 patent is not invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2 or lack of written description under 35 U.S.C. § 112, ¶ 1.

TFY filed a motion for summary judgment as to noninfringement and invalidity.[1] TFY also filed a motion to amend its answer to include the affirmative defense of inequitable conduct.

For the reasons stated herein, Cannon's motion for partial summary judgment of infringement is denied. Cannon's motion for partial summary judgment that the patent is not invalid for failure to disclose the best mode is denied as moot. Cannon's motion for partial summary judgment that the patent is not invalid for indefiniteness or lack of written description is also denied as moot. TFY's motion for summary judgment is granted as to noninfringment and denied as moot as to invalidity. Finally, TFY's motion for leave to amend its answer is denied as moot.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). A party will successfully oppose summary judgment

---

[1] Specifically, TFY seeks summary judgment of invalidity for failure to disclose the best mode under 35 U.S.C. § 112, ¶ 1, indefiniteness under 35 U.S.C. § 112, ¶ 2, and lack of written description under 35 U.S.C. § 112, ¶ 1.

only if it presents "definite, competent evidence to rebut the motion." *Equal Employment Opportunity Comm'n v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the nonmoving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

## II. Patent Infringement

A determination of patent infringement is a two-step process in which the Court first construes the claims. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*). The factfinder then compares the properly construed claims to the accused device to determine, as a question of fact, whether all of the claim limitations are present in the accused device. *Id.* at 1454; *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1369 (Fed. Cir. 2004).

Because the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial burden either by providing evidence that would preclude a finding of infringement, or by showing that the evidence fails to establish a material issue of fact essential to the patentee's case. *Vivid Tech., Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 807 (Fed. Cir. 1999). Summary judgment of noninfringement may be granted if, after viewing the alleged facts in the light most favorable to the patentee and drawing all justifiable inferences in the patentee's favor, there is no genuine issue as to whether the patent claims encompass the accused device. *Novartis Corp. v. Ben Venue Labs. Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999).

"To prove infringement, the patentee must show that the accused device meets each claim

3

limitation." *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys., Inc.*, 347 F.3d 1314, 1324 (Fed. Cir. 2003). This is known as the "All Elements Rule." *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S. Ct. 1040 (1997); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935-36 (Fed. Cir. 1987) (*en banc*). Summary judgment of noninfringement is proper where there is no genuine issue as to whether the accused device lacks a single claim element or its equivalent. *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003).

### A. Literal Infringement

"An accused device literally infringes a claim if every limitation recited in the claim appears in the accused device, *i.e.*, the properly construed claim reads on the accused product exactly." *Jeneric/Pentron, Inc. v. Dillon Co.*, 205 F.3d 1377, 1382 (Fed. Cir. 2000) (quoting *Amhil Enters., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996)).

### B. Infringement Under The Doctrine of Equivalents

An accused device infringes a claim under the doctrine of equivalents if it performs substantially the same overall function, in substantially the same way, to produce substantially the same overall result as the claimed invention. *Warner-Jenkinson*, 520 U.S. at 40; *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856 (1950). The doctrine of prosecution history estoppel may bar a patentee from asserting the doctrine of equivalents to recapture subject matter that the patentee gave up during prosecution. *Warner-Jenkinson*, 520 U.S. at 30.

### C. Infringement Of A Means-Plus-Function Claim

Literal infringement of a claim with a means-plus-function clause requires that the

accused device perform a function identical to that identified in the means clause. *Ishida Co., Ltd. v. Taylor*, 221 F.3d 1310, 1316 -17 (Fed. Cir. 2000); *Micro Chem., Inc. v. Great Plains Chem. Co.*, 103 F.3d 1538, 1547 (Fed. Cir. 1997). If it performs the identical function, an accused device literally infringes a claim element under § 112, ¶ 6 only if it is insubstantially different from the corresponding structure in the patent specification. *See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus. Inc.*, 145 F.3d 1303, 1309 (Fed. Cir. 1998). The "insubstantial difference" analysis requires a determination of "whether the 'way' the accused structure performs the claimed function, and the 'result' of that performance, are substantially different from the 'way' the claimed function is performed by the 'corresponding structure . . . described in the specification,' or its 'result.'" *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999) (quoting 35 U.S.C. § 112, ¶ 6).

Infringement of a means-plus-function claim under the doctrine of equivalents differs from literal infringement of a means-plus-function claim only in that the identical function is not required. "If an accused structure is not a 35 U.S.C. section 112, paragraph 6 equivalent of the disclosed structure because it does not perform the identical function of that disclosed structure and hence does not literally infringe, it may nevertheless still be an 'equivalent' under the doctrine of equivalents. Thus, if one applies the traditional function-way-result test, the accused structure must perform substantially the same function, in substantially the same way, to achieve substantially the same result, as the disclosed structure." *Kemco Sales, Inc. v. Control Papers, Co.*, 208 F.3d 1352, 1364 (Fed. Cir. 2000).

## BACKGROUND

### I. The '850 Patent

The Court set forth a detailed description of the breast pump that is the subject of the '850 patent in the *Markman* Order and will not repeat it here.

Dependent Claim 3 depends from Claim 1, and dependent Claim 5 depends from Claim 3. Accordingly, Claim 3 contains all of the limitations of Claim 1, and Claim 5 contains all of the limitations of Claim 3. 35 U.S.C. § 112, ¶ 4. Claim 1 recites:

> A breast pump comprising:
> a body, said body having an inlet;
> a breast receiving portion connected to the inlet and shaped to receive a portion of a user's breast and nipple;
> means for releasably connecting an expressed milk collecting container to said body;
> a deformable diaphragm *disposed in the body*;
> actuating means operatively connected to the diaphragm for cyclically moving said diaphragm to generate a negative pressure in the inlet; and
> *valve means mounted in the body for cyclically releasing the negative pressure which is generated in the inlet.*

'850 patent, col. 8, lns. 54-66 (emphases added). The claim language that the Court construed in the *Markman* Order is emphasized. Claim 3 recites:

> A pump as claimed in claim 1, wherein the diaphragm has a connector extending upwardly therefrom and the actuating means are *releasably attached* thereto.

'850 patent, col. 9, lns. 3-5 (emphasis added). Claim 5 recites:

> A pump as claimed in claim 3, wherein the connector is a separate member *releasably attached* to the diaphragm.

'850 patent, col. 9, lns. 8-9 (emphasis added).

6

## II. The Accused Devices

Cannon accuses two models of TFY breast pumps of infringement: Product No. 1169 (the "basic" model) and Product No. 1187 (the "deluxe" model) (collectively, the "Accused Devices"). The parties agree that the two products have the same relevant features and they do not distinguish between the two products in their arguments.[2] (R. 75-2, Pl.'s Rule 56.1 Stmt. in Supp. of Mot. for Summ. J. of Infringement ¶ 8; R. 98-1, Def.'s Rule 56.1 Resp. ¶ 8.)

## ANALYSIS

### I. Infringement

Where the parties do not dispute any relevant facts regarding the accused product but disagree over possible claim interpretations, the question of infringement collapses into claim construction and is amenable to summary judgment. *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997); *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996). In this case, the parties do not dispute the physical characteristics of the Accused Devices.

#### A. Literal Infringement

TFY argues that summary judgment of no literal infringement is required because the Accused Devices do not have a "diaphragm disposed in the body" as required by Claim 1. The Court agrees.

---

[2] Although TFY complains that Cannon belatedly identified Product No. 1187 as an allegedly infringing product for the first time in its motion for summary judgment of infringement, TFY nonetheless incorporates both products into its arguments. Accordingly, the Court includes both products within the scope of this order.

7

In the *Markman* Order, the Court construed the claim term "diaphragm disposed in the body" to require that the diaphragm be disposed "entirely within the body of the pump."[3] (R. 126-1, *Markman* Order at 19.) The Court construed the term "body" to mean "the main, central, or principal part of the breast pump." (R. 126-1, *Markman* Order at 17.)

For purposes of summary judgment, the Court accepts Cannon's view that two pieces of the Accused Devices (the "blue cup-shaped element" and the "clear hourglass-shaped element") together correspond to the "body" of the '850 patent.[4] Even accepting Cannon's contention, however, the Accused Devices do not literally have a diaphragm that is "entirely within the body" as required by the Court's claim construction.

Cannon admits that "the upper lip of the diaphragm laps over the upper rim of the blue cup-shaped element in the same way that the diaphragm 51 lapped over the upper rim of the body in the second embodiment of the patent." (R. 112-1, Pl.'s Reply at 4 n.3.) A diaphragm that "laps over the upper rim" does not literally meet the claim limitation of a "diaphragm disposed in the body" because it is not "entirely within the body." In the *Markman* Order, the Court explicitly distinguished the diaphragm of Figure 2 that is located entirely within the body and the diaphragm of Figure 8 (*i.e.*, diaphragm 51) that sits on the annular surface of the body. (R. 126-1, *Markman* Order at 17-18.) Thus, the diaphragm of the Accused Devices is not "entirely

---

[3] In doing so, the Court adopted TFY's proposed construction of the term "diaphragm disposed in the body."

[4] Specifically, Cannon contends that "in the accused pump, the diaphragm B is disposed in the blue component D, which, when attached to the hourglass-shaped element E, forms a part of what may be considered the 'body' (*i.e.*, the 'main or central portion') of the breast pump." (R. 75-1, Pl.'s Br. in Supp. of Mot. for Summ. J. of Infringement at 8-9.)

8

within" the blue cup-shaped element and clear hourglass-shaped element.

Making all inferences in favor of Cannon, there is no genuine issue of material fact as to whether the Accused Devices literally meet the claim limitation of a "diaphragm disclosed in the body." *Deering Precision Instruments,* 347 F.3d at 1324; *Lockheed Martin,* 324 F.3d at 1321. The Court grants TFY's motion for summary judgment of no literal infringement and denies Cannon's motion for partial summary judgment of infringement.[5]

### B.  The Doctrine Of Equivalents

Under the All Elements Rule, in order to survive summary judgment of noninfringement under the doctrine of equivalents, Cannon must identify a genuine issue of material fact as to whether the Accused Devices contain the equivalent of the missing element, *i.e.,* "diaphragm disposed in the body." *Warner-Jenkinson,* 520 U.S. at 29. TFY argues that Cannon has failed to put forth material evidence supporting an argument under the doctrine of equivalents. Cannon only contends that the Court should not decide the issue of infringement under the doctrine of equivalents because the issue is premature. The Court agrees with TFY.

#### 1.  Cannon Has Not Established A Genuine Issue Of Material Fact As To Infringement Under The Doctrine Of Equivalents

On summary judgment, a movant may prevail by pointing out the "absence of evidence to support the nonmoving party's case" with respect to an issue on which the nonmovant bears the ultimate burden. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). When the movant's burden of establishing the lack of a genuine issue of material fact has been

---

[5] The parties essentially filed cross-motions for summary judgment on the issue of infringement. In ruling on this issue, the Court viewed the evidentiary record in the light most favorable to Cannon and made all reasonable inferences in Cannon's favor.

met "in facial terms," the nonmovant must point to "some evidence in the record sufficient to suggest that his view of the issue might be adopted by a reasonable factfinder." *Resolution Trust Corp. v. Juergens*, 965 F.2d 149, 151 (7th Cir. 1992). In response, "the nonmoving party [must] go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Rule 56(c)).

On a motion for summary judgment of noninfringement under the doctrine of equivalents, once the defendant establishes the absence of evidence of infringement under the doctrine of equivalents, "[the patentee] ha[s] a duty to submit evidence tending to show equivalence with respect to limitations not literally met by the accused infringing device." *General Mills*, 103 F.3d at 985. Thus, to survive summary judgment, "there must be sufficient substance, other than attorney argument, to show that the issue requires trial." *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1562 (Fed. Cir. 1995); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 361 (7th Cir. 1992) ("Argument is not evidence upon which to base a denial of summary judgment.").

In this case, TFY met its initial burden by pointing out that Cannon has presented no evidence of infringement under the doctrine of equivalents, and that Cannon, as the patentee, bears the ultimate burden of proving infringement by a preponderance of evidence. *Intellicall Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed. Cir. 1992). The burden then shifts to Cannon to identify a genuine issue of material fact as to whether the diaphragm of the Accused Devices is the equivalent of the "diaphragm disposed in the body" of the '850 patent. Such proof is an essential part of Cannon's case on which Cannon would bear the burden of proof at trial.

10

*General Mills*, 103 F.3d at 985.

Cannon has not met this burden. Cannon has failed to come forward with any specific facts from which the trier of fact could conclude that the diaphragm in the Accused Devices differs only insubstantially from the diaphragm claimed in the '850 patent. Cannon did not, for instance, proffer an expert declaration or witness affidavit explaining how the diaphragm of the Accused Devices, which "laps up over the rim of the blue cup shaped element," performs substantially the same function in substantially the same way to achieve substantially the same result as the diaphragm of the '850 patent, which is located entirely within the body of the pump. *See Graver Tank*, 339 U.S. at 608, 70 S. Ct. at 856. Indeed, Cannon presents no doctrine of equivalents analysis whatsoever as to this missing claim limitation.

The closest that Cannon comes to presenting a doctrine of equivalents analysis is in a footnote in its opening summary judgment brief. In that footnote, Cannon argues that "the two-piece design performs all of the functions that are performed by the disclosed single-piece body, and thus would certainly meet a single-piece limitation under the doctrine of equivalents." (R. 75-1, Pl.'s Br. in Supp. of Mot. for Summ. J. of Infringement at 9 n.7.) First, this is attorney argument, which is insufficient. *Glaverbel Societe Anonyme*, 45 F.3d at 1562. Second, this argument is directed toward the question of whether the "body" can constitute two pieces of plastic rather than a single piece of plastic. As already stated, the Court accepts for purposes of summary judgment Cannon's contention that the two pieces literally correspond to the "body" of the '850 patent. By offering only irrelevant attorney argument, Cannon fails to provide the necessary evidentiary basis to support a claim that there is a genuine issue as to equivalence. *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed. Cir. 1999).

Cannon has failed to demonstrate that there is a genuine issue of fact as to whether the diaphragm of the Accused Devices is the equivalent of the "diaphragm disposed in the body" of the '850 patent, and TFY is entitled to summary judgment of noninfringement under the doctrine of equivalents.

### 2. The Doctrine Of Equivalents Issue Is Not Premature

Cannon contends, without citing to any authority, that the issue of infringement under the doctrine of equivalents is "premature:" "Whether the infringement is under the doctrine of equivalents instead of literal infringement cannot be known until after the Court has construed disputed claim limitations. If they are construed in a way that would prevent a finding of literal infringement, which is impossible to predict, there well may be equivalence." (R. 92-1, Pl.'s Opp. to Def.'s Mot. for Summ. J. at 5.) The Court rejects this argument for several reasons.

Cannon has cited no authority, and the Court has found none, prohibiting the Court from determining summary judgment of infringement under the doctrine of equivalents before providing the parties with the Court's claim construction ruling. Indeed, this is precisely what Cannon asked the Court to do when it filed its summary judgment briefs within days of filing its final claim construction brief. In any event, district courts often issue claim construction rulings in the same order as summary judgment rulings, thereby determining summary judgment without first giving the parties the benefit of a *Markman* ruling. *See Wei v. Ansell Healthcare Prods., Inc.*, No. 03 C 0567, 2004 WL 1102406, at *8 (N.D. Ill, May 3, 2004) (Holderman, J.) (construing the claims and granting summary judgment of noninfringement as to certain claims); *Zelinski v. Brunswick Corp.*, 996 F. Supp. 757 (N.D. Ill. 1997) (Conlon, J.) (construing the claims and granting summary judgment of noninfringement under the doctrine of equivalents),

12

*aff'd Zelinski v. Brunswick Corp.*, 185 F.3d 1311 (Fed. Cir. 1999); *General Mills, Inc. v. Hunt-Wesson, Inc.*, 917 F. Supp. 663 (D. Minn. 1996) (construing the claims and granting summary judgment of noninfringement under the doctrine of equivalents), *aff'd General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997); *Pehr v. Rubbermaid, Inc.*, 87 F. Supp. 2d 1222 (D. Kan. 2000) (construing the claims and granting summary judgment of noninfringement under the doctrine of equivalents). Accordingly, the issue of infringement under the doctrine of equivalents is not premature.

Moreover, Cannon made the tactical decision to file its summary judgment brief of infringement within days of filing its final claim construction brief. (*See* R. 65-1, Pl.'s Reply to Mem. on Claim Construction (May 10, 2004); R. 75-1, Pl.'s Br. in Supp. of Mot. for Summ. J. of Infringement (May 18, 2004).) Because Cannon elected to file a summary judgment brief immediately after completing claim construction briefing, Cannon cannot now complain that it did not have the benefit of the Court's *Markman* ruling before articulating its summary judgment position.

Cannon had notice and opportunity[6] to argue in the alternative with respect to the doctrine of equivalents in the event that the Court adopted TFY's construction rather than Cannon's. Cannon instead elected to presume that the Court would adopt its proposed claim construction. The fact that Cannon's strategy backfired does not render the issue "premature."

---

[6] The Court notes that Cannon had three briefs in which to articulate a doctrine of equivalents theory.

13

## II. TFY's Affirmative Defenses Are Denied As Moot

TFY asserts the following affirmative defenses: indefiniteness under 35 U.S.C. § 112, ¶ 2; lack of written description under 35 U.S.C. § 112, ¶ 2; failure to disclose the best mode under 35 U.S.C. § 112, ¶ 1; and anticipation of Claim 1 under 35 U.S.C. § 102. (R. 5-1, Def.'s Answer and Affirmative Defenses ¶¶ 2-4.) In light of the Court's ruling that the Accused Devices do not infringe the '850 patent, TFY's affirmative defenses are moot. "[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *see also Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1580-81 (Fed. Cir. 1984) ("[T]here was no reversible error or abuse of discretion . . . in the District Court's withholding of judgment on the issues related to the . . . patent's validity—despite the jury's having found the patent not invalid—in light of the jury's finding of noninfringement."); *Senior Indus., Inc. v. Thomas & Betts Corp.*, No. 98 C 5842, 2002 WL 31180745 (N.D. Ill. Sept. 30, 2002) (denying affirmative defense as moot in light of grant of summary judgment of noninfringement); *Bell Atlantic Network Servs., Inc. v. Covad Communications Group, Inc.*, 92 F. Supp. 2d 483, 500 (E.D. Va. 2000) (same). Similarly, TFY's motion to amend its answer to include the additional affirmative defense of inequitable conduct is denied as moot.

## CONCLUSION

The claim limitation "diaphragm disposed in the body" is not literally present in the Accused Devices, and Cannon has failed to come forward with any specific facts from which the trier of fact could conclude that the equivalent of the missing element is present in the Accused Devices. Accordingly, TFY's motion for summary judgment is granted as to noninfringement

14

and Cannon's motion for partial summary judgment of infringement is denied.

In light of the Court's ruling that TFY does not infringe the claims of the '850 patent either literally or under the doctrine of equivalents as a matter of law, TFY's affirmative defenses are moot and the parties' respective summary judgment motions as to the affirmative defenses are denied as moot. Thus, Cannon's motion for partial summary judgment that the patent is not invalid for failure to disclose the best mode is denied as moot; Cannon's motion for partial summary judgment that the patent is not invalid for indefiniteness or lack of written description is denied as moot; and TFY's motion for summary judgment is denied as moot as to invalidity. Finally, TFY's motion for leave to amend its answer is denied as moot.

Dated: September 27, 2004          ENTERED

                                   _____
                                   AMY J. ST. EVE
                                   United States District Court Judge

15